IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:16-cr-00383-JO |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN FREDRICK BEASLEY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____

JONES, J.

Defendant John Fredrick Beasley (Beasley) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 26. Specifically, Beasley requests that his sentence be reduced to time served and that he be released to live in a semi-structured transitional recovery community. Beasley asserts that his medical conditions make him particularly vulnerable to the novel coronavirus pandemic. The government opposes his motion. Based on the following, the Court GRANTS the motion.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). However, Congress has expressly authorized a district court to modify a defendant's sentence in

1 Order

three limited circumstances, one of which is when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the First Step Act of 2018.  Pub. L. No. 115- 391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA).  Now, a defendant may bring a motion for compassionate release, but only *after*:  (1) petitioning the BOP to make such a motion on the defendant's behalf; *and* (2) either (a) exhausting all administrative appeals after the BOP denied the defendant's petition or (b) thirty days have elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).[1]

Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."  18 U.S.C. § 3582(c)(1)(A)(i).  Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient.  28 U.S.C. § 994(t).

The pertinent policy statement by the Sentencing Commission for sentence reductions was last amended before the FSA passed and is found in Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13.[2]  The Note[3] identifies extraordinary and compelling

---

[1] Beasley submitted a request for compassionate release with the warden at USP Lompoc on July 1, 2020. Ex. C, ECF No. 26 at 1.  The warden denied the request. *Id*. at 2.  Beasley's motion is properly before this court.

[2] Because the Sentencing Commission's policy statement was not amended after enactment of the First Step Act, "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release . . . because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 89-cr-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (citing *Brown v. United States*, 411 F. Supp. 3d 447, 499 (S.D. Iowa 2019) (canvassing district court decisions)) (quotation marked omitted).  As explained by one court, "a majority of federal district courts have found that the most natural reading of the amended § 3582(c) and [28 U.S.C.] § 994(t) is that the district court assumes the same discretion as the BOP director when it

reasons in four categories: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons as determined by the Director of the BOP in a defendant's case amounting to an extraordinary and compelling reason, other than, or in combination with, the reasons described in subdivisions (1) through (3).

---

considers a compassionate release motion properly before it." *United States v. Perez*, 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020).

[3] **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant.**—

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life. *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities,* CDC (Jan. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.  However, compassionate release is "rare and extraordinary" and courts routinely deny such claims. *United States v. Mangarella,* 2020 WL 1291835, at*2-3 (W.D.N.C. Mar. 16, 2020.)

Beasley bears the burden to demonstrate extraordinary or compelling reasons justifying his compassionate release.  18 U.S.C. § 3582(c)(1)(A).  He asserts that his medical conditions (hypertension, mononeuropathy, hyperlipidemia, heart disease, and chronic kidney disease) provide the reasons justifying release.  The government concedes that given Beasley's age (75 years old) and health conditions, he is at increased risk from COVID-19.  USP Lompoc, where Beasley is currently housed, has 36 active cases among the inmates, and 6 active cases among the staff.  https://www.bop.gov/coronavirus/ (January 21, 2021). The government also concedes that Beasley has established extraordinary and compelling reasons warranting a reduction in his sentence.  But, the government does not agree that Beasley should be released because he cannot show he is no longer a danger to the community.

To warrant compassionate release, Beasley must show that he is not a danger and that the § 3553(a) factors support his release. Beasley pleaded guilty to bank robbery and, at the time of sentencing, the government recommended a 57-month sentence.  Had that sentence been imposed, he would have already completed his prison term.  However, the defense advocated a longer sentence to reflect a global settlement that included a state robbery case.[4]  Thus, Beasley

---

[4] To date, Beasley has not been sentenced in the state case.

4 Order

was sentenced to a 78-month term of prison. He has served nearly 85% of his sentence and has a projected release date is March 18, 2022. While in prison, Beasley participated in the prison educational programming and has not had any disciplinary infractions while in custody for the present offense. His addiction to controlled substances, heroin and cocaine, appears to drive his behavior, making unsupervised release unwise. Presentence Report, ECF No. 30-2. However, while in prison, he has maintained his sobriety. Releasing him to a halfway house would constrain Beasley's liberty, ensure punishment, and provide supervision and accountability. His release is warranted under the § 3553(a) factors. Beasley's sentence is reduced to time served. The conditions of release shall be amended to include placement in a halfway house until March 18, 2022. In addition, he shall quarantine for 14 days prior to release. Beasley will be monitored for substance abuse and, if the probation officer deems it necessary, shall be subject to location monitoring.

      Beasley's Motion for Reduced Sentence, ECF No. 26, is GRANTED.

IT IS SO ORDERED.

Dated the 21st of January, 2021.

                                                  */s/ Robert E. Jones*
                                                  Robert E. Jones
                                                  Senior United States District Judge